UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALEX PROIMOS, <br><br> *Plaintiff*, <br> v. <br><br> MAROTTA WEALTH MANAGEMENT, INC., <br><br> *Defendant*. | CASE NO. 3:22-cv-00023 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant Marotta Wealth Management's motion for summary judgment. Marotta does not argue it is entitled to summary judgment as to liability on Plaintiff' Alex Proimos' claim for copyright infringement. Rather, it contends that Proimos is not entitled to any award of statutory damages or actual damages. In Marotta's view, at most Proimos would be able to recover for nominal damages, which in its view, does not suffice to create a genuine case or controversy. Given the circumstances of this case, statutory damages and attorney's fees are not available to Proimos on his copyright infringement claim, but he is entitled to seek actual damages. Marotta's summary judgment motion will therefore be granted in part and denied in part.

Background

This is a copyright infringement case. Proimos is a commercial photographer residing in Australia. *See* Dkt. 1 (Compl.) ¶ 1. In June 2011, Proimos took a photograph of the Rotunda at the University of Virginia (the "Photograph"). *Id.* ¶ 8. At some point between June 2011 and September 2013, Proimos posted the Photograph to Flickr.com, a website used by photographers to showcase their work. *Id.* ¶¶ 8–9.

1

On or about December 17, 2019, Marotta Wealth Management used the Photograph in a blog post on Marotta's website. Compl. ¶ 12; Dkt. 1-4; Dkt. 33 at 2. Other evidence in the record provides that the Photograph appeared on Marotta's website as early as December 5, 2019. Dkt. 33 at 3; Dkt. 33-2. On December 20, 2019, Proimos registered the Photograph with the Copyright Office. Dkt. 1-3.

On August 25, 2021, and several times thereafter, Proimos made demands to Marotta that it remove the Photograph from Marotta's website. Compl. ¶ 15. On May 5, 2022, Proimos filed this copyright infringement suit against Marotta. *See* Compl.

In December 2022, the parties filed cross motions for summary judgment. Dkts. 30, 32. This opinion addresses Marotta's motion for summary judgment, which seeks a ruling from the Court that Proimos is barred from recovering statutory damages (and a reasonable attorney's fee), as well as actual damages. Dkt. 33 at 1–2. In a supplemental filing, Marotta further argues that because at most Proimos would be able to recover nominal damages from trial, that there is no substantial "case" or "controversy" as would support the Court's subject matter jurisdiction. Dkt. 50. The parties have filed notices that their motions are ripe for adjudication. Dkts. 51, 52.[1]

## Standard of Review

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party seeking summary judgment bears "the initial burden of showing that there was no genuine dispute of material fact and that it was entitled to

---

[1] This Court will resolve Proimos' motion for summary judgment and its request for summary judgment as to liability in a separate decision. To the extent Proimos' motion and the briefing thereon deals with damages issues, the Court will resolve those in this decision, which exclusively concerns the parties' positions as to damages.

judgment as a matter of law." *Richardson v. Clarke*, 52 F.4th 614, 618 (4th Cir. 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Id.* (quoting *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

Once the moving party has met this burden, "the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). Rather, the nonmoving party "must show specific, material facts that give rise to a genuine dispute to survive the motion for summary judgment." *Richardson*, 52 F.4th at 618 (citing *Celotex Corp.*, 477 U.S. at 323–24). The nonmoving party "must set forth specific facts that go beyond the mere existence of a scintilla of evidence." *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (internal citations and quotation marks omitted); *see also Wai Man Tom*, 980 F.3d at 1037 (explaining that "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion"). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Richardson*, 52 F.4th at 618.

### Reasoning

Marotta contends in its motion that it is entitled to partial summary judgment that Proimos is not entitled to (1) statutory damages or reasonable attorney's fees, or (2) actual damages. The Court will address each issue in turn.

1.  *Statutory Damages*

Under the Federal Copyright Act, 17 U.S.C. §§ 101, *et seq.*, a copyright owner generally may seek one of two types of monetary damages: (1) actual damages and infringement profits; or (2) statutory damages. 17 U.S.C. § 504(a), (c)(1); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001). "Statutory damages, however, are not available to every copyright owner." *Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC*, No. 3:07-cv-699, 2008 WL 2329709, at *2 (E.D. Va. June 4, 2008). Rather, 17 U.S.C. § 412 provides that

> No award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made for –
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of the registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. "By making registration a precondition" for statutory damages, "Congress sought to motivate speedy registration." *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 329 (4th Cir. 2007).

Defendant argues, and Plaintiff concedes, that statutory damages and attorney's fees are not available under the facts of this case.[2] Plaintiff first published the Photograph on his Flickr.com web page in 2011, and, in any event, no later than 2013. Dkt. 1-3. The parties do not dispute that Defendant first commenced his use of the Photograph earlier in December 2019, and

---

[2] *See* Dkt. 28 at 8 (Plaintiff's counsel: "As I have clearly twice stated, [Plaintiff] is not eligible for statutory damages and attorney's fees per 17 U.S.C. § 504-5 based on the result of discovery in this case."); *see also* Dkt. 46 (Plaintiff failing to oppose to Defendant's motion for summary judgment on statutory damages and attorney's fees); Dkt. 48 at 1 (noting the same).

in any event, before December 20, 2019—the date on which Plaintiff registered the Photograph with the Copyright Office. Compl. ¶ 10; Dkt. 1-3; *see also* Dkt. 1-4; Dkt. 33 at 5–6; Dkt. 33-1 at 3; Dkt. 33-3. Therefore, because Defendant first commenced his use of the Photograph years after its first publication and before the date of its registration, and because such registration was not "made within three months after the first publication of the work," statutory damages and attorney's fees are not available to Plaintiff. 17 U.S.C. § 412(2); *Johnson v. Univ. of Virginia*, 606 F. Supp. 321, 324–25 (W.D. Va. 1985) (holding that § 412(2) barred statutory damages and attorney's fees under similar circumstances).

    2. *Actual Damages*

Marotta also argues that Proimos is not entitled to actual damages either. Dkt. 33 at 7–10. The reason, in Marotta's view, is that Proimos did not state that he was seeking actual damages in his Rule 26(a)(1) disclosures, nor disclose any information and documents to support his claim of actual damages. As Rule 26(a)(1) required that information to be included in Proimos' initial disclosures, Marotta contends that Rule 37(c)(1) bars him from introducing any information or witnesses to supply evidence of actual damages. Dkt. 33 at 9–10.

A litigant must provide, in an initial disclosure, "a computation of each category of damages claimed by the disclosing party," and must also "make available for inspection and copying … the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Moreover, after that initial disclosure, the disclosing party has a continuing duty to supplement or correct its damages computation and disclosures "in a timely manner," and that includes any changes in the materials relied upon to compute damages. *See* Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence on motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[3]

The *Southern States* factors guide the district court's decision whether to exercise its "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." *S. States*, 318 F.3d at 597. These are "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id.*

There is no dispute that Proimos' Rule 26(a)(1)(A)(iii) disclosures did not contain any computation of actual damages claimed by Proimos, nor did they include documents, materials or information upon which Proimos' actual damages claim is now based. *See* Dkt. 33-3 at 3. Rather, Proimos' disclosures provided to Marotta on July 7, 2022, stated that "Plaintiff will seek statutory damages in this case pursuant to 17 U.S.C. § 504-5, 1202-3. Statutory damages are based on the actions, or lack thereof, of the Defendant in this case, and range from $750.00 to $150,000 (17 U.S.C. § 504-5), and $2,500.00 to $25,000 (17 U.S.C. § 1202-3), respectively." Dkt. 33-3 at 3. Accordingly, the Court proceeds to consider whether the *Southern States* factors demonstrate that the nondisclosure of Proimos' actual damages calculation and evidence was substantially justified or harmless.

---

[3] The advisory committee notes to Rule 37 "emphasize that the '*automatic sanction*' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" *S. States Rock & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c) advisory committee note (1993)) (emphasis added).

The first factor is *Southern States* is "the surprise to the party against whom the evidence would be offered." 318 F.3d at 597. Even though Proimos' disclosures should have provided information about calculation of actual damages, the record in this case demonstrates that there was little, if any, surprise to Marotta, by either Proimos' demand for actual damages or the evidence supporting actual damages. Indeed, it was clear from the outset of the case that Proimos sought an award of "*actual* and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial." Compl. at 4 (emphasis added). In addition, Marotta submitted an interrogatory to Proimos to "[s]tate all facts on which you rely to support your request for an award of actual damages as stated in the Prayer for Relief in the Complaint." Dkt. 46-1 at 8. Significantly, on July 13, 2022—just six days after his initial disclosures— Proimos responded to the interrogatory, stating "As the copyright holder of the Photograph, I am entitled to damages, including *actual* or statutory damages, under 17 U.S.C. § 504." *Id.* (emphasis added).

On November 11, 2022, in response to a request from Marotta's counsel to "dismiss your statutory claim," Proimos' counsel responded that Proimos "has an established license history for the same use made by your client in this case." Dkt. 46-4. Proimos' counsel described the range for license fees, stating that the "[l]ow end is $1,080.00. High end is $1,950.00." *Id.* He also attached a document showing the range of Proimos' twenty licensing fees, including for the image title, type of use (commercial or editorial), and name of the entity to which the license was issued, including one license for $1,950. Dkt. 46-5. This information—that bears upon and

underlies Proimos' calculation of his actual damages—was communicated to Marotta twenty-six (26) days before the close of discovery.[4]

In Proimos' motion for summary judgment, he seeks actual damages using the $1,950 license for commercial use of a single image for one year as evidence of the fair market value of the Photograph. Dkt. 30 at 14. Then, based on Marotta's allegedly infringing use of the Photograph for two and a half years, Proimos seeks actual damages of $4,875, "or $1,950.00 multiplied by two and one-half." *Id.* Marotta contends that "[t]he first time Proimos provided the $4,875 figure—or any calculation to justify it" was in Proimos' motion for summary judgment. Dkt. 48 at 4. That may be, but the baseline licensing figure of $1,950 for a commercial license was known to Marotta at least forty-one (41) days before Proimos' filing of his motion for summary judgment, and Marotta also cannot claim ignorance of the two-and-a-half-year period at issue between its first use of the Photograph and the date which it was removed from Marotta's website. At bottom, notwithstanding Proimos' failure to reference actual damages or the basis for its calculation thereof in his initial disclosures, Marotta can claim little if any surprise by Proimos' request for actual damages at this time or the basis for such damages. *See* Dkt. 58 at 2 (Proimos' proposed trial exhibits, including "Alex Proimos Image Licensing History"). This factor weighs in Proimos' favor.

The second *Southern States* factor concerns "the ability of that party to cure the surprise." 318 F.3d at 597. As the Court has found that Marotta can claim little if any surprise on account of Proimos' failure to cite actual damages in his initial disclosures, this ability to cure factor also

---

[4] To be sure, this information and documentation was submitted in connection with a communication discussing potential settlement. However, even though such information would not have been admissible evidence on its own, *see* Fed. R. Evid. 408(a)(1), as Marotta argues, nonetheless it is relevant to another purpose, namely lack of surprise to Marotta.

weighs in Proimos' favor. Marotta should have long had a copy of the apparently *one* exhibit Proimos intends to introduce on the issue of actual damages. Proimos identified that exhibit well in advance of trial in his pre-trial disclosures—filed just over three weeks before trial. *See* Dkt. 58 at 2. Nor has Marotta described any prejudice it faces on account of Proimos' violation of the disclosure requirement, such as describing any inability to secure necessary discovery or evidence on the actual damages issue.[5]

The third *Southern States* factor concerns "the extent to which allowing the evidence would disrupt the trial." 318 F.3d at 597. The Court has little concern in this regard. This trial is set for one day. The evidence of actual damages from Proimos appears to be limited to one exhibit and perhaps some testimony. *See* Dkt. 58 at 2; Dkt. 61 at 1 (Proimos to testify about "his history of licensing photographs"). It is possible Marotta will introduce some evidence to dispute that the $1,950 per year figure is a fair market value for a commercial license of the Photograph. On this record, the Court considers that allowing the evidence would present relatively little risk of disruption of the trial. That fact is all the more salient weighed with the fourth *Southern States* factor, "the importance of the evidence." 318 F.3d at 597. Without the availability of statutory damages in this case, Proimos' ability to present evidence of actual damages is the only way he may secure monetary relief should Marotta be found liable. While evidence of actual damages appears discrete and relatively limited in scope, it is quite important to Proimos' case, without which he would secure at most nominal damages. The third and fourth *Southern States* factors also weigh in Proimos' favor.

---

[5] The Court also notes that Marotta has not professed any confusion about the identified exhibit upon which Proimos bases his actual damages claim.

Lastly, the Court notes that Proimos could have done more on the fifth *Southern States* factor—the "non-disclosing party's explanation for its failure to disclose the evidence." 318 F.3d at 597. His argument boils down to the following: all parties were aware that actual damages must have been at issue and would need to be proven at trial (since statutory damages were off the table), and that he provided such information to Marotta well in advance of trial. *See* Dkt. 46. However, that explanation concerns other factors, such as whether Marotta could legitimately claim to be surprised by the evidence that was not disclosed. Whether *Marotta* should have known actual damages to be at issue does not relieve *Proimos* as plaintiff of his obligation under Rule 26 to include in his initial disclosures "a computation of each category of damages claimed by the disclosing party," as well as the information and materials upon which the computation relies. Fed. R. Civ. P. 26(a)(1)(A)(iii).

Accordingly, while the fifth *Southern States* factor weighs in favor of Marotta, considering all the *Southern States* factors, on balance the Court concludes that Proimos has shown that the failure was harmless. *See* Fed. R. Civ. P. 37(c)(1); *S. States*, 318 F.3d at 597.[6]

## Conclusion

For these reasons, the Court will **GRANT in part** and **DENY in part** Marotta's motion for summary judgment. Dkt. 32. Marotta's motion will be **GRANTED** to the extent that it argues that Proimos is barred from seeking statutory damages or reasonable attorney's fees at trial.

---

[6] Because Proimos will be able to introduce evidence of his actual damages at trial, Marotta's argument that this case would not present a "case" or "controversy" so as to support the Court's subject matter jurisdiction *if* only nominal damages were at issue, is a hypothetical argument that does not reflect this case's posture. *See* Dkt. 50. This dispute under the Federal Copyright Act, upon which actual damages may be awarded if proven, plainly involves a "case" or "controversy" to support subject matter jurisdiction.

However, Marotta's motion will be **DENIED** to the extent that it argues that Proimos is barred from seeking an award of actual damages.

    It is so **ORDERED**.

    The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

    Entered this 27th day of February, 2023.

_____<br>
NORMAN K. MOON<br>
SENIOR UNITED STATES DISTRICT JUDGE

11