# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALEX PROIMOS, <br><br> *Plaintiff*, <br> v. <br><br> MAROTTA WEALTH MANAGEMENT, INC., <br><br> *Defendant*. | CASE NO. 3:22-cv-00023 <br><br> <u>ORDER</u> <br><br> JUDGE NORMAN K. MOON |

    This matter is before the Court on the Plaintiff Alex Proimos' amended motion for summary judgment in this copyright infringement action. Dkt. 30. For the reasons set forth below and in an accompanying memorandum opinion, to follow, the Court determines that Plaintiff is not entitled to summary judgment.

    "Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (quoting Fed. R. Civ. P. 56(a)). "The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact." *Sedar v. Reston Town Ctr. Prop., LLC*, 998 F.3d 756, 761 (4th Cir. 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the movant has made this threshold demonstration, the nonmoving party, to survive summary judgment, must demonstrate specific material facts that give rise to a genuine issue." *Sedar*, 988 F.3d at 761 (citing *Celotex Corp.*, 477 U.S. at 323). A nonmovant's position must be supported by more than a "mere scintilla of evidence" or "conclusory allegations or denials" to preclude an award of summary judgment. *Id.* (citation omitted). In ruling on a motion for summary judgment, the court must "adhere to the

axiom that ... '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan*, 572 U.S. at 651, (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The threshold question is whether Proimos waived his right to sue Marotta for copyright infringement by granting a nonexclusive license to use the Photograph. If Marotta violated the terms of the License, such a breach would have terminated the License and permitted Proimos to sue. *Philpot v. Media Res. Ctr., Inc.*, 279 F. Supp. 3d 708, 713 (E.D. Va. 2018). The precise question then is whether Marotta's use of the Photograph complied with the License's non-commercial terms. Dkt. 47 at 7; Dkt. 30 at 11–12 (Proimos, writing that he must prove that "Marotta's copying was beyond the scope of its license").

Upon consideration of the parties' positions and the evidence submitted on the summary judgment record, the Court determines that Marotta has demonstrated the existence of a genuine dispute of material fact on the issue whether his Marotta complied with the License's non-commercial terms, including whether Marotta used the Photograph "in any manner that is primarily intended for or directed toward commercial advantage or private monetary compensation"—which would be prohibited under the terms of the License. Dkt. 47-1 at 4 (License § 4(b)). Among other evidence, the Court specifically notes evidence in the record that, if believed, would tend to refute Proimos' position that Marotta's use of the Photograph was "unquestionably commercial." *See* Dkt. 30 at 12. Notably, David Marotta testified under oath that, among other things, "[w]e try to give away as much free information as possible," and that he is aware of "hundreds of people" who use resources on Marotta's website who are "not hiring us." *See* Dkt. 47 at 10 (citing Marotta Depo Test.). This and other evidence in the record, if believed, is sufficient to give rise to a genuine issue of material fact on the issue whether Marotta

did not "primarily" intend to publish the blog post with the Photograph for "commercial advantage or monetary compensation," and thus complied with the terms of the License. *See* License § 4(b). A similar genuine dispute of material fact precludes resolution as a matter of law of Marotta's fair use defense, which considers, among other things, whether the use was for a commercial or noncommercial purpose.

Proimos also has not demonstrated that it is entitled to summary judgment as to the calculation of actual damages. Dkt. 30 at 13–14. The Court has already ruled that Proimos will be entitled to introduce his licensing history as evidence of his actual damages. *See* Dkt. 68, 72. However, Proimos' own licensing history includes license fees between $1,080 and $1,950 for a year. Dkt. 30-4. While he argues that actual damages should be based on the high end of his prior licensing fee ($1,950) per year, he offers no argument why that prior license fee is so clearly the most accurate comparator that it must serve as the basis for calculating damages in this case, rather than any of his other prior, lower license fees. Proimos will be able to present this evidence to the jury, but he has not demonstrated that there is no genuine dispute of material fact as to the calculation of damages.

Plaintiff's amended motion for summary judgment will be **DENIED**. Dkt. 30. His earlier, original motion for summary judgment will be **DENIED as moot**. Dkt. 23.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this  2nd  day of March, 2023.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

3